## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MICHAEL P. HANEY**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: RWT 12cv344 |
| | * | |
| **FORD MOTOR CREDIT COMPANY,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*

## <u>MEMORANDUM OPINION</u>

Plaintiff Michael P. Haney, proceeding *pro se*, alleges that his rights were violated when his truck was repossessed in 1996 by Defendant.  ECF No. 1.  Because he appears indigent, Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.  For the reasons discussed below, the Complaint will be dismissed.

Plaintiff apparently seeks to invoke the federal question jurisdiction of this Court; however, there is no federal question involved in the controversy he describes in his Complaint. Resolution of his grievance involves application of Maryland State contract law and laws governing the enforcement of judgments.

To the extent that a claim involving erroneous seizure of property could be reviewed by this Court under diversity jurisdiction, diversity of citizenship does not appear to exist in this case, nor has Plaintiff satisfied the amount in controversy requirement for this Court to exercise its diversity jurisdiction.  Under 28 U.S.C. §1332, the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

This Court concludes that it lacks subject matter jurisdiction over this matter.  It does not appear to this Court within a legal certainty that the actual damages set out by the plaintiff meet the jurisdictional amount under 28 U.S.C. §1332.  It is an established general rule that Plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction.  See McDonald v. Patton, 240 F.2d 424, 425-26 (4th Cir. 1957).  The broad sweep of the rule is subject to the qualification that the Plaintiff's claim must be made in good faith—there must be no pretense to the amount in dispute.  Id.  In addition, while good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction.  See St. Paul Mercury Indemnity Co. v. Red. Cab Co., 303 U.S. 283, 289 (1938).

In the instant case Plaintiff alleges that (1) judgment was erroneously entered against him in the amount of $12,667.87, (2) he had the right to attorney fees in the amount of $1,856.60, and (3) he had the "right" to an additional $3,000.00 (six months of $500.00 payments).  ECF No. 1.  He states that he is suing in the amount of $7,771.27.  Id.  Plainly, the actual damages set out by Plaintiff do not meet the amount in controversy.  For this reason, Plaintiff's claim shall be dismissed.[1]

A separate Order follows.

Date: February 13, 2012                                    /s/
                                                                        ROGER W. TITUS
                                                                        UNITED STATES DISTRICT JUDGE

---

[1] Additionally, the Complaint appears to be time barred.  See Md. Cts & Jud. Proc. Code Ann. § 5-101 (providing three year statute of limitations for civil actions at law).